# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Standard Mutual Insurance Co. v. Jones, 2012 IL App (4th) 110526**

---

| | |
|---|---|
| Appellate Court Caption | STANDARD MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. RICK L. JONES; RUTH F. JONES; TYLER L. JONES, a Minor by His Father and Next Friend, RICK L. JONES; CHRISTINA L. STEPHENSON; and MICHELLE STEPHENSON, CONNOR STEPHENSON, and NATHAN STEPHENSON, Minors by Their Mother and Next Friend, CHRISTINA L. STEPHENSON, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-11-0526 |
| Argued | January 24, 2012 |
| Filed | February 3, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The plain language of section 154 of the Insurance Code sets a limit of one year or one full policy period from the effective date of a policy, not the discovery of a misrepresentation, as the period in which an insurer may move to rescind a policy based on a misrepresentation, and in the instant case, the trial court properly granted defendants' motion for judgment on the pleadings in plaintiff insurer's action seeking to rescind the automobile liability policy it issued to defendants based on the insurer's discovery, after an accident that occurred while the insureds' 16-year-old son was driving the insured vehicle, that the insureds failed to disclose in their application that their 16-year-old son was a full-time resident of their household, since the discovery occurred during the second term of the policy. |

| Decision Under Review | Appeal from the Circuit Court of Brown County, No. 10-CH-10; the Hon. Diane M. Lagoski, Judge, presiding. |
| --- | --- |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert Marc Chemers (argued) and Peter G. Syregelas, both of Pretzel & Stouffer Chtrd., of Chicago, for appellant. |
| | Esther Joy Schwartz and Matthew E. Schweiger (argued), both of Stellato & Schwartz, Ltd., for appellees. |
| Panel | JUSTICE POPE delivered the judgment of the court, with opinion. Justice Knecht concurred in the judgment and opinion. Presiding Justice Turner specially concurred, with opinion. |

## OPINION

¶ 1    In December 2010, plaintiff, Standard Mutual Insurance Company (Standard Mutual), filed a complaint for rescission against the named defendants, Rick L. Jones; Ruth F. Jones; Tyler L. Jones, a minor by his father and next friend, Rick L. Jones; Christina L. Stephenson; and Michelle Stephenson, Connor Stephenson, and Nathan Stephenson, minors by their mother and next friend, Christina L. Stephenson. In February 2011, the Stephensons filed an answer to Standard Mutual's complaint and affirmative defenses. In April 2011, the Stephensons filed a motion for judgment on the pleadings as to count I of Standard Mutual's complaint and as to the Stephensons' first affirmative defense. On June 9, 2011, the trial court entered an order granting the Stephensons' motion for judgment on the pleadings, finding section 154 of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/154 (West 2008)) barred Standard Mutual from rescinding the insurance policy at issue. Standard Mutual appeals, arguing the court erred in granting the Stephensons' motion for judgment on the pleadings. We affirm.

¶ 2                                I. BACKGROUND

¶ 3    On January 7, 2010, Rick and Ruth Jones applied for an automobile liability insurance policy. According to Standard Mutual's complaint, "in response to a question on the application to identify and list all residents and dependents (licensed or not), Rick and Ruth did not identify any residents other than themselves." However, Rick and Ruth's two sons, Tyler (16) and Derrick (20), lived with them when the application was made.

¶ 4　　On July 16, 2010, while operating his parents' 2005 Ford Freestyle wagon, Tyler Jones was involved in an automobile accident with an automobile operated by Christina Stephenson. Stephenson's three children were passengers in her car at the time. Tyler's parents, Rick and Ruth Jones, had an automobile liability insurance policy with Standard Mutual. On July 19, 2010, Standard Mutual learned of Tyler's presence in the household when Rick and Ruth's agent made a request to add Tyler to Rick and Ruth's automobile policy effective July 15, 2010. The accident was not disclosed to Standard Mutual until later in the day on July 19, 2010. After the accident, Standard Mutual paid the Stephensons $9,416.87 for the total loss of their vehicle and paid $11,361.48 to Rick and Ruth for their vehicle. Christina Stephenson and her three children are potential claimants against Tyler, Rick, and Ruth Jones for bodily injury.

¶ 5　　Following the accident, Standard Mutual learned Tyler was and had been a full-time resident of Rick and Ruth's home. Standard Mutual alleged it did not know Tyler was living with Rick and Ruth when their insurance application was submitted or during the time it performed its underwriting determinations prior to issuing the automobile insurance policy. According to the complaint, Standard Mutual would not have issued the insurance policy if it had known that Tyler was a full-time resident of Rick and Ruth's home. Standard Mutual alleged it relied to its detriment on Rick and Ruth's misrepresentations and claimed rescission of the policy was necessary because it would not have issued the automobile policy in question if Rick and Ruth had provided the true facts. Standard Mutual also argued Rick and Ruth had been unjustly enriched because Standard Mutual had paid the Stephensons $9,416.87 for the total loss of their vehicle and paid Rick and Ruth $11,361.48 for the total loss of their vehicle.

¶ 6　　In February 2011, Christina Stephenson filed an answer and affirmative defenses on behalf of herself and her three children. The Stephensons' first affirmative defense alleged section 154 of the Insurance Code (215 ILCS 5/154 (West 2010)) barred Standard Mutual from rescinding Rick and Ruth's automobile insurance policy.

¶ 7　　In March 2011, Standard Mutual filed a motion for partial summary judgment as to the Stephensons' first affirmative defense. In April 2011, the Stephensons filed a motion for judgment on the pleadings as to count I of Standard Mutual's complaint for rescission and (2) the Stephensons' first affirmative defense.

¶ 8　　On June 9, 2011, the trial court entered an order denying Standard Mutual's motion for summary judgment and granting the Stephensons' motion for judgment on the pleadings. The court found Standard Mutual's right to rescind the policy based on the misrepresentation was barred by section 154 of the Insurance Code (215 ILCS 5/154 (West 2010)).

¶ 9　　This appeal followed.

¶ 10　　　　　　　　　　II. ANALYSIS

¶ 11　　The trial court granted the Stephensons' motion for judgment on the pleadings based on its interpretation of section 154 of the Insurance Code (215 ILCS 5/154 (West 2008)). As a result, two issues are before this court. Did the trial court correctly interpret section 154 of the Insurance Code to bar an insurance company from rescinding an automobile insurance

policy or policy renewal after the policy has been in effect for one year or one policy term, whichever is less, where the applicants for the insurance policy made material misrepresentations to procure coverage or to receive the insurance coverage at a lower premium rate? Did the court correctly grant judgment on the pleadings?

¶ 12     We are presented with a question of statutory construction, which we review *de novo*. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 439, 925 N.E.2d 1113, 1117 (2010). We also review *de novo* a trial court's decision to grant judgment on the pleadings. *Gillen v. State Farm Mutual Automobile Insurance Co.*, 215 Ill. 2d 381, 385, 830 N.E.2d 575, 578 (2005). According to our supreme court:

> "Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. [Citations.] In ruling on a motion for judgment on the pleadings, the court will consider only those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record. [Citation.] All well-pleaded facts and reasonable inferences therefrom are taken as true. [Citations.] On review, we must determine whether any issues of material fact exist and, if not, whether the movant was entitled to judgment as a matter of law." *Gillen*, 215 Ill. 2d at 385, 830 N.E.2d at 577.

¶ 13     We first must determine whether the trial court correctly interpreted section 154 of the Insurance Code (215 ILCS 5/154 (West 2008)), which states:

> "No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. With respect to a policy of insurance as defined in subsection (a), (b), or (c) of Section 143.13, except life, accident and health, fidelity and surety, and ocean marine policies, *a policy or policy renewal shall not be rescinded after the policy has been in effect for one year or one policy term, whichever is less*. This Section shall not apply to policies of marine or transportation insurance." (Emphasis added.) 215 ILCS 5/154 (West 2010).

At issue is the meaning of the penultimate sentence in that section, which was added to section 154 by an amendment effective June 1, 1996 (Pub. Act 89-413, § 5 (eff. June 1, 1996) (1995 Ill. Laws 4368, 4369)). The parties do not dispute this sentence applies to the automobile policy at issue in this case. However, the parties dispute its meaning.

¶ 14     Standard Mutual cites two cases that mention the 1996 amendment. However, neither of these cases resolves the issue presented here. In *Illinois State Bar Ass'n Mutual Insurance Co. v. Coregis Insurance Co.*, 355 Ill. App. 3d 156, 167 n.4, 821 N.E.2d 706, 715 n.4 (2004), the First District Appellate Court stated "the legislature has since spoken as to the outer limit of what constitutes promptness by imposing a one-year time limit within which an insurer must act to void a policy based upon a material misrepresentation under section 154." The court then noted neither party argued the amendment was applicable in that case. *Coregis*,

355 Ill. App. 3d at 167 n.4, 821 N.E.2d at 715 n.4. The other case, *American Service Insurance Co. v. United Automobile Insurance Co.*, 409 Ill. App. 3d 27, 947 N.E.2d 382 (2011), is factually distinguishable. In that case, the policy at issue had a one-year term. *American Service*, 409 Ill. App. 3d at 28, 947 N.E.2d at 384. The First District found the insurance company rescinded the policy within the prescribed period because the policy was still in its initial term and one year had not passed since the policy went into effect. *American Service*, 409 Ill. App. 3d at 36, 947 N.E.2d at 390. As a result, the issue in this case appears to be one of first impression.

¶ 15     Our supreme court has stated the cardinal objective in construing a statute is to determine and give effect to the legislature's intent. *Alvarez v. Pappas*, 229 Ill. 2d 217, 228, 890 N.E.2d 434, 441 (2008). Other rules of statutory construction are subordinate. *Alvarez*, 229 Ill. 2d at 228, 890 N.E.2d at 441. The first step in determining legislative intent is examining the language of the statute. *Alvarez*, 229 Ill. 2d at 228, 890 N.E.2d at 441. This is the most reliable indicator of the legislature's intent in enacting the particular statute. *Alvarez*, 229 Ill. 2d at 228, 890 N.E.2d at 441. The language used by the legislature "must be afforded its plain, ordinary, and popularly understood meaning." *Alvarez*, 229 Ill. 2d at 228, 890 N.E.2d at 441. If the language is clear and unambiguous, the statute must be given effect as written without resort to other aids of statutory construction. *Alvarez*, 229 Ill. 2d at 228, 890 N.E.2d at 441. "In construing a statute, we presume that the legislature did not intend absurdity, inconvenience or injustice." *Alvarez*, 229 Ill. 2d at 228, 890 N.E.2d at 441.

¶ 16     Section 154 provides an insurance company cannot rescind certain kinds of policies or policy renewals once the policy has been in effect for one year or one policy term, whichever is less, regardless of any misrepresentations, including material misrepresentations, made in the written application for the policy. As previously stated, the parties in this case do not dispute automobile policies are covered by this law. The parties also do not dispute the policy at issue had been in effect for more than one policy term. As a result, pursuant to the plain meaning of section 154, Standard Mutual could not rescind the policy.

¶ 17     Citing *Brandt v. Time Insurance Co.*, 302 Ill. App. 3d 159, 164, 704 N.E.2d 843, 846-47 (1998), and several federal court decisions, Standard Mutual argues Illinois law allows an insurer to rely on the truthfulness of an applicant's answers and has no duty to conduct an independent investigation into the accuracy of an applicant's answers. Still relying on *Brandt*, 302 Ill. App. 3d at 164, 704 N.E.2d at 846-47, Standard Mutual argues: "the fact that an insurer is not required to investigate the truthfulness of answers given in an application[ ] allows the carrier to question those answers, after a claim, as here, and bring a rescission action within a reasonable time thereafter. Illinois law has no prohibition on post-claim underwriting." However, while an insurance company might have no duty to conduct an investigation into the truthfulness of an applicant's answer, if it wishes to rescind certain types of policies based on a misrepresentation in the application for that policy, the plain language of section 154 limits the amount of time in which it can do so. 215 ILCS 5/154 (West 2010).

¶ 18     Standard Mutual next argues Rick and Ruth's misrepresentation was material and its decision to seek rescission of the policy was not opportunistic or spurious. The materiality of the misrepresentation in this case is irrelevant. The plain language found in section 154

of the Insurance Code (215 ILCS 5/154 (West 2010)) barred Standard Mutual from rescinding the policy because the policy was in its second term when the accident in question occurred.

¶ 19    Standard Mutual also argues nothing in the amendment suggests the legislature intended to abrogate the rules regarding contract rescission, including the discovery rule, which in the past has been applied to instances of fraud and/or misrepresentation. Relying on *Illinois State Bar Ass'n v. Coregis Insurance Co.*, 355 Ill. App. 3d 156, 821 N.E.2d 706 (2004), Standard Mutual argues traditional concepts regarding the remedy of rescission, including the discovery rule, must apply to rescission actions brought pursuant to section 154 of the Insurance Code (215 ILCS 5/154 (West 2008)). According to Standard Mutual, "the legislature did not intend the limitation period in Section 154 to act as an absolute bar to an insurer's right to rescission, but rather to set an upper limit of one year or one full policy period within which an insurer could seek rescission of an insurance policy from the time the insurer learns of the misrepresentation upon which it bases its claim for rescission under Section 154." Standard Mutual argues it should be able to rescind the policy because it only discovered the misrepresentation after the automobile accident in question.

¶ 20    We disagree. The plain language of section 154 shows the legislature intended exactly what it said. The effective date of the policy, not the discovery of the misrepresentation, triggers the start of the time period in which an insurer can move to rescind a policy. See 215 ILCS 5/154 (West 2010).

¶ 21    Standard Mutual also contends interpreting section 154 to provide a total bar to its right to rescind a policy will "encourage applicants to provide misrepresentations or untruths and hope that any misrepresentation is not discovered until the inception of a new policy period or the lapsing of one-year's time from the date of issuance." According to Standard Mutual, this is contrary to public policy. However, it appears the 1996 amendment to section 154 was enacted to protect consumers, which is not contrary to public policy. While we do not need to examine the legislative history behind the 1996 amendment, the legislative debates clearly support our interpretation of the legislature's intent to protect consumers. See 89th Ill. Gen. Assem., Senate Proceedings, Apr. 25, 1995, at 70-71; 89th Ill. Gen. Assem., House Proceedings, May 12, 1995, at 124-128; 89th Ill. Gen. Assem., Senate Proceedings, Nov. 1, 1995, at 6-8; and 89th Ill. Gen. Assem., House Proceedings, Nov. 14, 1995, at 16-19.

¶ 22    Regardless, this court's opinion with regard to the policy implications of this statute are not relevant. While it is easy to understand Standard Mutual's claim this statute, as written, can be unfair to insurance companies, that is an argument best made to the Illinois General Assembly.

¶ 23    Because the undisputed material facts establish section 154 of the Insurance Code barred Standard Mutual from rescinding the insurance policy in question because the policy was no longer in its first term and because all the relief Standard Mutual sought in its complaint resulted from its alleged right to rescind the policy, the trial court did not err in granting the Stephensons' motion for judgment on the pleadings.

¶ 24                                    III. CONCLUSION

¶ 25       For the reasons stated, we affirm the trial court's order granting the Stephensons' motion for judgment on the pleadings.

¶ 26       Affirmed.

¶ 27       PRESIDING JUSTICE TURNER, specially concurring:

¶ 28       While I agree with the majority's decision to affirm the trial court's order, I write separately due to the majority's reference, though brief, to the legislative history of the statute at issue. See *supra* ¶ 21. Because the statute is unambiguous, legislative history is irrelevant and should not be cited as a secondary rationale for our judgment. See *supra* ¶ 15 (citing *Alvarez*, 229 Ill. 2d at 228, 890 N.E.2d at 441 (when a statute is unambiguous, courts give effect to the statute as written without looking to other statutory-construction aids)).